**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| MARILYN A. ROBINSON, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 5:07-CV-394 (CDL) |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **Legal Standard**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Issues

I.  **Whether the ALJ erred in failing to carry the Commissioner's 5-step burden?**

II. **Whether the ALJ erred in failing to evaluate Claimant's Chronic Fatigue Syndrome?**

III. **Whether the Appeals Council failed to evaluate the opinion of one of Claimant's treating physicians?**

IV. **Whether the ALJ properly evaluated the Claimant's subjective allegations of pain?**

V. **Whether the ALJ erred in failing to order a consultative examination of Claimant?**

**VI.     Whether the ALJ erred in failing to re-contact the treating and consultative physicians?**

## Administrative Proceedings

Claimant filed for disability benefits on August 2, 2004. (T-16). Claimant's application was denied initially and on reconsideration. Claimant timely filed a request for a hearing before an administrative law judge (ALJ) which was ultimately held on May 9, 2006. (T-523-552). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated September 11, 2006. (T-16-27). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-6-8).

## Statement of Facts and Evidence

Claimant alleges in her disability application that she is disabled due to fibromyalgia and possible lupus. (T-70). After examining the medical records, the ALJ determined that Claimant had fibromyalgia, degenerative disc disease, obstructive lung disease/asthma, osteoarthritis, chondromalcia of the knees and obesity, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-18). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform a limited range of light work. (T-22). The ALJ then determined that Claimant could not perform any of her past relevant work. (T-25). The ALJ relied on the testimony of the Vocational Expert (VE) to determine that, based on Claimant's age, education, work experience and residual functional capacity, that there were jobs in the national economy

which she could perform. (T-26). For that reason, the ALJ found that Claimant was not disabled. (T-26).

## Discussion

**I.   Whether the ALJ erred in failing to carry the Commissioner's 5-step burden?**

Claimant first argues that the ALJ erred in her evaluation of Claimant's case at Step 5. Specifically, she contends that the ALJ failed to ask a complete hypothetical question to the Vocational Expert with regard to her ability to kneel, crouch and crawl, and further, failed to make any finding as to Claimant's ability to "stoop." (R-14, p. 15).

Based on the medical evidence of record, at Step Four in the sequential analysis, the ALJ found that the Claimant retained the residual functional capacity to perform a limited range of light exertional work, which included the ability to sit for up to six hours and stand and walk for up to three hours in an eight-hour day; lift/carry up to twenty pounds occasionally and ten pounds frequently; never kneel, crouch or crawl; never work on ladders, ropes, scaffolds; and avoid exposure to pulmonary irritants. (T-22). In the instant case, after reviewing the record as a whole along with the Claimant's subjective allegations of pain, which the ALJ found to be less than credible, the ALJ found that Claimant's functional limitations would prevent her from performing her past work. (R- 24, 25).

Once the Claimant establishes that she can no longer perform past relevant work, the burden shifts to the Commissioner to produce evidence that there is alternate employment available in significant numbers in the national economy that claimant has the capacity to perform. 20 C.F.R. §§ 404.920(f)(1), 404. 1512(a). To thereafter be found disabled, the

Claimant must then show that she is unable to perform jobs that the ALJ lists. *Id.*

After finding that the Claimant would not be able to return to her previous work, the ALJ had a Vocational Expert testify as to whether jobs would exist for an individual with this Claimant's education, limitations, work experience and age. Specifically, the ALJ asked the VE if a person of Claimant's age, education, and experience, who had the ability to "occasionally kneel, occasionally crouch and occasionally crawl" could perform any full time work which exists in the national economy. (T-547). The VE's testimony, wherein he cited the DOT numbers associated with the specified jobs, reflected that there were several jobs that a person with this Claimant's limitations could perform in this economy.

Claimant contends that the ALJ committed reversible error when she asked a hypothetical based on a claimant's occasional ability to kneel, crouch or crawl, but determined that Claimant's residual functional capacity included no ability to kneel, crouch or crawl. (R-14, p. 12). She further argues that the ALJ failed to make any finding as to her ability to stoop. (R-14, p. 15). As noted above, the ALJ in this case determined that Claimant had the RFC to perform a limited range of light work. The Regulations define light work as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also

> do sedentary work, unless there are additional limiting factors
> such as loss of fine dexterity or inability to sit for long periods
> of time.  20 C.F.R. § 404.1567(b).

These regulations do not, however, require that a person be able to kneel, crouch, or crawl in order to be able to perform a full range of jobs requiring light work. None of the jobs cited require the ability to climb, balance, stoop, crouch, kneel or crawl. *See Dictionary of Occupational Titles* (4th Ed. 1991).  Any error resulting from the testimony of the VE as to her ultimate findings of Claimant's abilities in these areas would, therefore, be harmless. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

Based on the testimony of the vocational expert, the ALJ determined that Claimant could not perform a full range of light work, but had the residual functional capacity to make an adjustment to work which exists in significant numbers in the national economy. Therefore, the ALJ's finding that Claimant could perform a range of light work is supported by the evidence of record and no error is found.

**II.  Whether the ALJ erred in failing to evaluate Claimant's Chronic Fatigue Syndrome?**

Claimant next argues that the ALJ erred in failing to evaluate her Chronic Fatigue Syndrome. (R-14, p. 15).  Specifically, Claimant argues that the ALJ failed to determine whether her diagnosis of Chronic Fatigue Syndrome was a severe or even a non-severe impairment. *Id.*  Claimant further states that "when CFS is established, ALJ's must evaluate it." *Id.*

The Regulations state that "CFS constitutes a medically determinable impairment when it is accompanied by medical signs or laboratory findings, as discussed below. CFS may be a disabling impairment." SSR 99-2p. In *Vega v. Commissioner of Social Security,* a 2001 Eleventh Circuit Court of Appeals decision which Claimant cited as support for her contention, the Court held that:

> We agree with the reasoning of our sister circuits, as well as our prior case law, holding that remands are required when an ALJ fails to consider properly a Claimant's condition despite evidence in the record of the diagnosis. *See, Marbury v. Sullivan,* 957 F.2d 837, 839-40 (11th Cir. 1992).

*Vega v. Commissioner of Social Security,* 265 F.3d 1214, 1219 (11th Cir. 2001). In *Vega,* the issue relevant to the case *sub judice* was whether or not the Commissioner, by way of the ALJ, erred in failing to properly evaluate the claimant's chronic fatigue syndrome (CFS). *Id.* After the district court affirmed the ALJ's denial of her disability claim, the claimant appealed the decision to the Eleventh Circuit. Among other things, the claimant in *Vega* argued that the ALJ failed to make a finding that she suffered from CFS and failed to credit any of the limitations resulting therefrom. *Id.* at 1219. The Commissioner argued that medical references to fatigue or the Epstein-Barr virus in the claimant's medical notes did not constitute a diagnosis of CFS and that the claimant failed to provide objective medical evidence of any work related limitations which may have resulted from chronic fatigue syndrome. *Id.* The Court disagreed and stated that the claimant was specifically diagnosed with CFS on seven different occasions and presented at a hospital suffering from sleepiness,

fatigue and weakness. *Id.* Thus, the court held that the ALJ should have considered the claimant's CFS and its effect on her ability to work.

The facts in *Vega* reveal that the claimant listed CFS as one of her impairments in her original application for social security disability benefits. The facts further reveal that after being diagnosed with CFS, the claimant's physician submitted a form which read that her CFS significantly limited her ability to walk, stand, lift and understand instructions. *Vega* at 1216. Alternatively, in the case at issue, Claimant Robinson did not claim CFS as a disabling impairment when she applied for disability benefits with the Social Security Administration. (R-70). The Claimant's application for benefits stated that the impairments that affect her ability to work were fibromyalgia and possible lupus. *Id.* Furthermore, at the hearing, wherein Claimant was represented by counsel, her counsel stated that the "disabilities that bring us here are for the large part fibromyalgia, back problems, depression, and significant pain that limits her ability to move about and to carry on routine activities . . ." (T-526). Claimant's counsel then stated that "I think that would cover everything by in large living in her household are her husband or her 15-year-old daughter, along with her. And I think that would be everything, Your Honor." There was no mention of Chronic Fatigue Syndrome anywhere in the hearing, and the first mention of fatigue came in Claimant's request for reconsideration following the ALJ's decision.

As the Regulations state, the burden of proving that she is disabled is on the Claimant. *See,* 20 C.F.R. 416.912. That means that "[I]n an action seeking disability benefits, the

9

burden is upon the claimant to demonstrate existence of a disability as defined by the Social Security Act. *Brady v. Heckler,* 724, F.2d 914, 918 (11th Cir. 1984); *citing Fortenberry v. Harris,* 612 F.2d 947 (5th Cir.1980). It is, therefore, not the responsibility of the ALJ to analyze each and every impairment listed by the claimant in her medical records to determine if that impairment causes or contributes to a claimant's inability to work. It is the sole responsibility of the claimant to do so. To require that the ALJ address every impairment mentioned in a claimant's medical records to determine its severity would remove the burden from the Claimant and place it squarely on the shoulders of the Commissioner.

Because the facts in *Vega* are distinguishable from those in this case, remand for the ALJ's failure to address the Claimant's CFS is not required. Thus, any claims based on the ALJ's failure to evaluate Claimant's alleged CFS should fail.

## III.    Whether the Appeals Council failed to evaluate the opinion of one of Claimant's treating physicians?

Claimant next contends that the Appeals Council erred in evaluating the opinion of one of her treating physicians regarding her ability to walk. (R-14, p. 16). It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician.

*Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

Here, following the decision of the ALJ, Claimant submitted additional evidence to the Appeals Council. (T-429-522). Within that evidence was a Disabled Person's License Plate Affidavit, wherein Claimant's physician, Dr. Allotey, checked a box that averred that she "is so ambulatory disabled that he or she cannot walk two-hundred (200) feet without stopping to rest". (T-449). Claimant contends that this evidence is inconsistent with the ALJ's finding that she could walk and stand for three hours a day. (R-14, p. 16).

Interestingly, the Affidavit, which was executed on January 4, 2006, existed at the time of Claimant's hearing, but that evidence was not submitted until April 27, 2007. (R-429, 449). The Eleventh Circuit Court of Appeals has held that a practice of routinely obtaining evidence solely in an effort to discredit an ALJ's decision and to obtain a remand, when this evidence could have been obtained and presented to the ALJ to begin with, is not in keeping with the law of this circuit. *See Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986). Claimant has not provided good cause for his delay in presenting the Affidavit dated prior to the ALJ's decision. Furthermore, even if good cause existed, it is unlikely that the evidence would alter the outcome of Claimant's case.

A review of the medical records and treatment notes provided by Dr. Allotey, however, do not support the opinion as noted by him in the Affidavit. The treatment notes of Dr. Allotey, as submitted by Claimant and reviewed by the ALJ, fail to establish that Claimant's ability to walk was as significantly limited as Dr. Allotey claims on the Disability

Parking Affidavit. In reaching these conclusions, it appears that the ALJ applied the proper legal standard in reviewing Dr. Allotey's medical records. Therefore, the Appeals Council's failure to remand Claimant's case back to the ALJ for further review based on the Affidavit attested to by Dr. Allotey was not improper and is supported by substantial evidence.

**IV.     Whether the ALJ properly evaluated the Claimant's subjective allegations of pain?**

Claimant also contends that the ALJ erred in discounting her allegations of pain. (R-141, p. 16). Social Security Regulation 96-7p, which deals with evaluating a Claimant's credibility, states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the

>     intensity and persistence of your pain or other symptoms which
>     may reasonably be accepted as consistent with the medical signs
>     and laboratory findings), would lead to a conclusion that you are
>     disabled.

In his Findings, the ALJ discussed Claimant's medical records and work history with regard to the Claimant's allegations of the severity, i.e. the "intensity, persistence and limiting effects" of her pain. (T-23). A review of the record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, and her functional limitations to find that the allegations of pain were not entirely credible. *Id.*

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." S.S.R. 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995); *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983).  Applying the *Holt* test to Claimant's pain allegations, the Court concludes that Claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain.  As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision.  Here, the ALJ applied the proper standards and supported her credibility assessment with substantial evidence in the record.  It is found, therefore, that Claimant's remaining arguments with regard to the issue of credibility are also deemed meritless.

## V.      Whether the ALJ erred in failing to order a consultative examination of Claimant?

Claimant next contends that the ALJ committed reversible error where she failed to fully develop the record as to her physical impairments by ordering a consultative examination or obtain an residual functional capacity opinion from one of the examining physicians.  (R-14, pp. 20, 21).  Specifically, she claims that where the ALJ discounted the

opinion of the one examining physician, she should have ordered a consultative examination regarding her physical complaints. *Id.*

The Eleventh Circuit has held that the fundamental obligation to develop a complete and fair record may involve requiring a consultative examination of the claimant. *Smith v. Bowen,* 792 F.2d 1547, 1551 (11th Cir.1986); *see Reeves v. Heckler,* 734 F.2d 519, 521-522 (11th Cir.1984). "Consultative examinations are not required by statute, but the regulations provide for them where warranted." *Smith* at 1551; 20 C.F.R. § 404.1517 (2000). Therefore, an ALJ has committed reversible error where he chooses not to order a consultative examination when such an examination is deemed necessary "to make an informed decision." *Reeves,* 734 F.2d at 522 n. 1. Although, ultimately, the onus is on the Claimant to provide to the Commissioner the medical evidence to support his impairment allegations, the ALJ must still follow the standards as set forth in the code, the rules and the regulations. *See,* 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c).

After a thorough review of the evidence in this case, it appears that the ALJ's determination that the Claimant could perform the demands of some work is supported by the record as a whole and shows that the need for a consultative physical evaluation was not warranted nor was the ALJ required to obtain a second residual functional capacity assessment from another physician. The ALJ has no duty to investigate further unless the existing record evidences a reasonable suspicion of a **potentially disabling impairment that has not been fully evaluated**. *Jones v. Bowen,* 829 F.2d 524, 526 (5[th]Cir. 1985) (emphasis added).

The medical evidence of record here fails to reveal that Claimant had any physical impairments that affected her ability to work any more significantly than what the ALJ found. The ALJ discussed the physical impairments as alleged by Claimant and reported in her medical records and determined that Claimant was not as physically limited as she claimed. (T-23). Under the present circumstances, the ALJ was not required to order a consultative examination of the Claimant. As such, no error is found in the ALJ's failure to order any further physical examinations of Claimant.

## VI. Whether the ALJ erred in failing to re-contact the treating and consultative physicians?

Lastly, Claimant contends that the ALJ erred in failing to recontact the treating and consultative doctors in her case. (R-14, p. 22). Specifically, she argues that with regard to Chronic Fatigue Syndrome cases, there is a special recontact requirement, necessitating that the ALJ "ask the treating or other medical sources to provide information about the extent and duration of her impairment . . . Opinions from an individual's medical sources, especially treating sources, concerning the effects of CFS on the individual's ability to function . . . are important in enabling adjudicators to draw conclusions about the severity of the impairment . . ." *Id; see* SSR 99-2p.

The Regulations state that an ALJ has a duty to re-contact a medical source if the basis of that medical source's opinion is not clear. *See* SSR 96-5p. The code section applicable to this issue is 20 C.F.R. § 416.912(e), which states:

> (e) *Recontacting medical sources.* When the evidence we

> receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
> (1)  We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available.  We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.  We may do this by requesting copies of your medical sources's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. . . .
> (2)  We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings.

20 C.F.R. §416.912(e).  Subsection (e) specifically states that medical sources will be recontacted when the evidence is inadequate to determine whether a claimant is disabled.  In this case, although Claimant states that the ALJ erred, she has failed to provide any evidence that the record was inadequate for the ALJ to make a determination.  Medical evidence is not "inadequate" simply because it fails to support Claimant's allegations.  *See* 20 C.F.R. § 416.912(e).  It is true that because a hearing before an ALJ is not an adversary proceeding, that an ALJ has a basic duty to develop a full and fair record.  However, the failure of Claimant to present adequate medical evidence to support her alleged impairments does not create a duty of the ALJ to seek and produce such evidence for her.

As was stated previously, the ALJ was under no duty to evaluate Claimant's claims

of CFS. Thus, there can be no error in the ALJ's failure to recontact a treating source on an impairment she was not required to evaluate. Therefore, Claimant's argument must fail.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of her judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED**, this the 28th Day of January, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw